IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BYRON L. CONWAY
ADC# 113285                                                                                      PLAINTIFF

v.                              Case No. 2:10-cv-143-DPM

WENDY KELLEY, RORY GRIFFIN,
DOTTIE YARBROUGH, WHITMORE,
A. GREEN, K. GRIGSBY, D. LEBEL,
CHILDRESS, FERRICHER, and
CORRECTIONAL MEDICAL SERVICES                                  DEFENDANTS

ORDER

The Court has considered Magistrate Judge J. Thomas Ray's Proposed Findings and Recommended Partial Disposition — to which Byron Conway has not objected. Having reviewed the proposal for clear errors of fact on the face of the record as a whole, FED. R. CIV. P. 72(b)(3) (1983 addition to advisory committee notes), and legal error, the Court adopts Magistrate Judge Ray's proposal in part and rejects it in part, *Document No. 6*.

The Court agrees with Magistrate Judge Ray that, for screening purposes, Conway has stated a claim for inadequate medical care against Defendants Lebel, Whitmore, and Childress. The Court also agrees that Defendants Grigsby, Green, and Correctional Medical Services should be

dismissed from this case without prejudice for the reasons the Magistrate Judge stated. *Document No. 6, at 3–6.*

The Court disagrees, however, that Conway has failed to state a claim for relief, under 28 U.S.C.A. § 1915A(b)(1) (West 2006), against Defendants Kelley, Griffin, and Yarbrough. Allegations that a defendant is generally aware of medical-care problems fail under *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1050–52. But Conway's original complaint — a form document that tells him to state the facts of his case "as briefly as possible" — alleges that Defendants Kelley, Griffin, and Yarbrough personally knew about Conway's medical problems because they had actually received reports about him yet they "tacitly authorized these deprivations to constantly occur" and otherwise acted deliberately indifferent toward his medical problem or rectal bleeding. These allegations state a claim for relief under the precedent. *Langford v. Norris*, 614 F.3d 445, 459–61 (8th Cir. 2010). Whatever the facts turn out to be, Conway has pleaded a plausible tacit-authorization claim. Whether he can climb the high hill of deliberate indifference, *Choate v. Lockart*, 7 F.3d 1370, 1376 (8th Cir. 1993), is a question for another day.

Though it was not specifically addressed in the recommended partial disposition, for the sake of judicial economy the Court dismisses with prejudice all official-capacity claims for money damages that Conway has pleaded against any immune Defendant, *Document No. 2, at 3 & 12*. Those claims are barred by the Eleventh Amendment. 28 U.S.C.A. § 1915A(b)(2) (West 2006); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 & 71 (1989).

Finally, also in the interest of judicial economy, the Court addresses Conway's pre-service amendment to his original complaint, which he filed one day before the Magistrate Judge filed his recommendation. Given the timing of things, the amendment adding Sergeant Ferricher was not addressed in the recommendation. In the circumstances, Conway did not have to file a motion for leave to amend. FED. R. CIV. P. 15(a)(1) (2010). The Court concludes that, for section 1915A(b)(1) purposes, Conway has stated a deliberate-indifference claim against Ferricher under the governing law.

* * *

Byron Conway has stated a claim for inadequate medical care against Defendants Lebel, Whitmore, Childress, Kelley, Griffin, Yarbrough, and Ferricher. Defendants Grigsby, Green, and Correctional Medical Services are

dismissed without prejudice. Any official-capacity claim for money damages against an immune Defendant is dismissed with prejudice. The Court orders service upon Defendants Whitmore, Lebel, Whitmore, Childress, Kelley, Griffin, Yarbrough, and Ferricher. An *in forma pauperis* appeal from this order would not be taken in good faith. 28 U.S.C.A. § 1915(a)(3) (West 2006).

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

22 November 2010